Paul BEATON, Plaintiff—Appellant,

v.

Charles BROWNRIDGE; et al., Defendants—Appellees.

No. 04–17313.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*

Decided June 17, 2005.

Paul Beaton, Sacramento, CA, pro se.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

### MEMORANDUM \*\*

Paul Beaton appeals pro se the district court's dismissal of his action against Sutter Memorial Hospital and individual hospital staff (collectively "SMH") alleging that SMH discriminated against his disabled wife Janie by removing her from the hospital's kidney transplant program in retaliation for a complaint which the Beatons filed with the U.S. Department of Health and Human Services. The district court dismissed the case for failure to serve defendants within 120 days pursuant to Federal Rule of Civil Procedure 4(m). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion the district court's dismissal for failure to comply with the service of process requirements of Rule 4 of the Federal Rules of Civil Procedure. *See Townsel v. Contra Costa County,* 820 F.2d 319, 320 (9th Cir. 1987). Rule 4(m) requires dismissal without prejudice when a defendant is not served with a copy of the summons and complaint within 120 days after the filing of the complaint, unless the plaintiff can show cause why service was not timely made. *See* Fed.R.Civ.P. 4(m). Here, Beaton did not adequately serve any of the defendants within the 120–day period,

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

failed to do so when the magistrate judge granted 30 additional days, and failed to object to the magistrate judge's recommendation that the case be dismissed for lack of service. Under these circumstances, the district court did not abuse its discretion in dismissing the action.

**AFFIRMED.**